UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LARRY NEIL COHEN,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant(s). | Case No.2:24-CV-1367  JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (ECF No. 22). The parties conferred and agreed to settle the motion at a reduced rate. (ECF No. 22). Accordingly, defendant does not oppose the motion, or the amounts requested therein. (*Id.*).

Litigants are usually required to bear the expenses of their litigation unless a statute or private agreement provides otherwise. Under the EAJA, congress authorized fee recovery by prevailing parties. A litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (internal citations omitted).

The first issue is whether plaintiff was a "prevailing party." To be a prevailing party, a litigant must "achieve a material alteration of the legal relationship of the parties." *Id.* (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001), *superseded in part by statute*, 5 U.S.C. § 552(a)(4)(E)). That alteration must be "judicially sanctioned." *Id.*

1 Plaintiff was the prevailing party. "[A]n order remanding a case to an administrative agency for further proceedings passes the *Buckhannon* test, where such a remand is what the plaintiff or petitioner sought." *Klamath Siskiyou Wildlands Ctr. v. United States BLM*, 589 F.3d 1027, 1030 (9th Cir. 2009) (entertaining a stipulated order); *see Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007) (explaining that the circuit mediator's remand orders "advanced the goals sought by petitioners, and constituted material alterations of the parties' legal relationships" under *Buckhannon*). The court ordered that this action be remanded for further administrative proceedings pursuant to the Social Security Act § 205(g), as amended, 42 U.S.C. § 405(g), sentence four. (ECF No. 20). This was the relief that plaintiff sought, as it was a grant of a stipulation to remand and constituted a material alteration of the parties' legal relationship for purposes of *Buckhannon*. (*See* ECF No. 19); *Li v. Keisler*, 505 F.3d at 918.

The second prong is met because the government does not oppose the motion. (ECF No. 22 at 5).

After a review of the attached affirmation and exhibits, the court finds that the requested fees and costs of $8,350.00 are reasonable, thereby satisfying the third prong. (*See id.* at 5; Exs. A, B, C). Additionally, and persuasively, defendant does not contest the amount requested. (ECF No. 22 at 5).

Having satisfied all three requirements under the EAJA, plaintiff is entitled to recover attorney's fees. Plaintiff waived direct payment of Equal Access to Justice Act (EAJA) fees, assigning any fees to be paid directly to his attorney. (ECF No. 22 at Ex. D).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1 Accordingly,

2 IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

3 1. Plaintiff's motion for attorney's fees (ECF No. 22) be, and the same hereby is, GRANTED;

5 2. Plaintiff's counsel is awarded $8,350.00 in fees and costs, made payable to Olinsky Law Group, less any debt owed by plaintiff to the Department of Treasury.

7 DATED September 26, 2025.

_____
UNITED STATES DISTRICT JUDGE